**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES PEAVLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:05CV654-DJS |
| ) | |
| LARRY DENNEY and ) | |
| JEREMIAH "JAY" NIXON, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #20], recommending denial of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, and petitioner James Peavler's objections thereto [Doc. #24]. Pursuant to 28 U.S.C. §636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

**Background**

On May 10, 1999, petitioner was found guilty after a jury trial of one count of first degree murder, two counts of felonious restraint, and two counts of armed criminal action. Doc. #20, p.1. Petitioner was sentenced to life in prison without the possibility of probation or parole on the murder count, seven years and five years on the felonious restraint counts, and ten years and five years on the armed criminal action counts, all sentences to run

consecutively in the custody of the Missouri Department of Corrections. Id. at 1-2.

## Instant Petition

The instant petition for writ of habeas corpus was filed in the United States District Court for the Western District of Missouri, and was subsequently transferred to this Court on April 26, 2005. Petitioner raises six bases for relief pursuant to 28 U.S.C. §2254:

1. Petitioner received ineffective assistance of counsel because his trial counsel failed to strike juror Toni Maggart;

2. Petitioner received ineffective assistance of counsel because his trial counsel failed to object to testimony that petitioner had two handguns and ten long guns at his residence and for failing to object to evidence that petitioner manufactured methamphetamine and was part of the "drug community";

3. Petitioner received ineffective assistance of counsel because his trial counsel failed to object to the admission of two hearsay statements made by Jessie McKim;

4. Petitioner received ineffective assistance of counsel because his trial counsel failed to object to the prosecutor's statement in closing argument comparing petitioner to Adolf Hitler;

5.  The state failed to produce sufficient evidence of deliberation on the charge of first degree murder; and

6.  The trial court erred in failing to declare a mistrial sua sponte after the prosecutor made statements during closing argument comparing petitioner to Adolf Hitler.

The magistrate judge issued his report and recommendation on July 15, 2008, in which he analyzes all six grounds for relief and recommends that petitioner's writ of habeas corpus be denied.

**Standard of Review**

As stated above, pursuant to 28 U.S.C. §636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, however, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate judge or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

Further, arguments that could have been presented to the magistrate judge, but were not, will not be considered by this

3

Court. "Review of a magistrate's ruling before the district court does not permit consideration of issues not raised before the magistrate because the magistrate's decision should not be disturbed on the basis of arguments not presented to him." Harrington v. Wilber, 384 F. Supp. 2d 1321, 1324-25 (S.D. Iowa, 2005) (internal quotation omitted). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act...." Id. at 1325 (quoting Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992)); see also Singh v. Superintending School Comm., 593 F. Supp. 1315, 1318 (D.Me. 1984) ("The [Federal Magistrate's] Act necessarily contemplates that on referral of a pretrial motion to the Magistrate for his hearing and determination thereon, all parties are required to take before him, not only their 'best shot' but all of their shots.").

**Petitioner's Objections**

As an initial matter, the Court notes that petitioner states that he objects to the magistrate judge's denial of ground 2 as it relates to testimony concerning petitioner's involvement in the local "drug community," denial of ground 3, denial of ground 4, and denial of ground 6. However, these objections are not

specifically stated; rather, in making these objections, petitioner generally states that he objects to the magistrate judge's denial of his petition on these grounds, and that he relies on the arguments as set forth in his petition. The Court finds that, with regard to these objections, petitioner fails to address particular findings or conclusions of the magistrate judge, and also fails to assert specific allegations of error.

Furthermore, although ground 5 was originally presented as a claim of insufficient evidence to support a conviction, in objecting to the magistrate judge's report and recommendation, petitioner now argues counsel was ineffective for failing to adduce expert testimony.[1] The Court declines to consider petitioner's argument that his trial counsel was ineffective in failing to hire

---

[1] Petitioner argues that, "[newly discovered] evidence is conclusive to prove that a murder did not take place, the coroner was in gross error as to cause of death, and that the victim died of 'methamphetamine toxicity.'" Doc. #24, p. 11. However, "[t]he test for newly discovered evidence is 'whether the evidence could have been discovered earlier in the exercise of due diligence.'" Meadows v. Delo, 99 F.3d 280, 282 (8th Cir. 1996) (quoting Cornell v. Nix, 976 F.2d 376, 380 (8th Cir. 1992)). In this case, petitioner has failed to show that due diligence could not have previously discovered this evidence. Further, when reviewing the sufficiency of evidence, the applicable standard for federal habeas corpus review under §2254 is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Skillicorn v. Luebbers, 475 F.3d 965, 977 (8th Cir. 2007). The evidence upon which petitioner now relies was presented to the magistrate judge, who finds that petitioner failed to show that the new evidence clearly and convincingly establishes that no reasonable factfinder would have found him guilty. Indeed, this Court notes that petitioner's theory that no murder occurred was presented at trial and argued to the jury, and the jury chose to reject it. As outlined in detail by the magistrate judge, the evidence adduced at trial was sufficient to support a guilty verdict on the first degree murder charge. See Doc. #20, pp. 19-21, 24-25.

an expert because petitioner failed to raise that issue with the magistrate judge.

Petitioner raises two specific objections to the magistrate judge's report and recommendation.  First, petitioner objects to the denial of ground 1.  Petitioner states that, during voir dire, Mr. Maggart stated that he had formed an opinion, and never convincingly stated that he could put aside that opinion and follow the law.  Accordingly, petitioner states his counsel was ineffective in failing to strike Mr. Maggart.  Second, petitioner objects to the denial of ground 2 as that ground relates to testimony concerning petitioner's possession of several guns. Petitioner argues that, at trial, one of the government's witnesses testified to the existence of several guns at petitioner's house. This evidence, petitioner argues, had no probative value to the government's case in chief and, due to the prejudicial effect it had on the jury, his counsel's failure to object to it amounted to ineffective assistance of counsel.  Petitioner's arguments are discussed below.

**A. Failure to Strike**

To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  A constitutionally deficient performance

6

is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "There is a strong presumption that counsel's strategic choices were reasonable." Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008) (citing McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998)).

Petitioner asserts that his trial counsel was ineffective by not striking venireman Toni Maggart. Mr. Maggart stated that he lived in the same town as petitioner and knew petitioner. Mr. Maggart also stated that he had overheard "the coroner and a couple of deputies [] talking about this [case]..." but that he "would certainly think [he] could lay it aside to weigh the evidence...." Doc. #20, p. 11. Further, Mr. Maggart stated,

> I believe these guys. They are not liars but I don't know. I have an opinion based on these guys. I would try to put it aside but I have heard some things.

Id.

Petitioner argues that the magistrate judge erred in finding that petitioner has fallen short of overcoming the presumption that trial counsel acted in accordance with sound trial strategy in failing to strike Mr. Maggart. Petitioner asserts that Mr. Maggart's answers were ambiguous, that Mr. Maggart never stated he could set his opinions aside, and that Mr. Maggart had a

7

preconceived opinion about petitioner's guilt.  Accordingly, petitioner maintains that it was ineffective assistance of counsel not to strike venireman Maggart.

As noted in the report and recommendation, the Missouri Court of Appeals, in ruling that petitioner's claim could not be raised in a post-conviction proceeding unless defendant showed that he had no knowledge of the alleged deficiencies until after trial, found that petitioner was not only present during voir dire but exercised some control over the jury-selection process, and was satisfied with the jury selected.  Furthermore, despite petitioner's assertions to the contrary, the Court finds that Mr. Maggart did state that he could lay his opinion aside and weigh the evidence.  Accordingly, petitioner fails to overcome the presumption that the strategic choice not to strike Mr. Maggort was reasonable, and petitioner's objection will be overruled.

**B. Failure to Object to Testimony**

Petitioner further asserts that his trial counsel was ineffective when he failed to object to the following testimony regarding several guns found in plaintiff's house:

> [PROSECUTOR]: Now, back to the 14th and 15th, when you were searching the debris [of plaintiff's house], did you find anything else of evidentiary value?
>
> [SGT. ADKISSON]: Yes.  During the search on the 14th and 15th, numerous weapons were found, handguns and long guns.

8

>     [PROSECUTOR]: Do you recall how many handguns
>     were found?
>
>     [SGT. ADKISSON]: Two handguns and, I believe,
>     ten long guns.

Doc. #20, p. 13. Petitioner argues that, given the low probative value and the high prejudicial effect of such evidence, his trial counsel should have objected to it. Petitioner argues that, even if failure to object did not in and of itself constitute ineffective assistance of counsel, when added to all of counsel's violations, counsel's overall performance was ineffective.

The Court finds that this failure to object to the testimony did not implicate the effectiveness of trial counsel's overall performance. Rather, as stated by the magistrate judge, failure to object could reasonably have been a calculated and deliberate trial strategy. That is, counsel attempted to reduce any effect such evidence may have had on the jury by not drawing unwanted attention to it. This is a reasonable choice consistent with sound trial strategy, and petitioner's objection will be overruled.

## Conclusion

This Court has conducted a de novo review of those portions of the report and recommendation to which petitioner specifically objects. The Court finds that the report and recommendation sets forth a very thorough and correct analysis of the issues raised in the petition. Petitioner's objections to the

report and recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to correct by interlineation [Doc. #25], in which petitioner requests that the Court admit a signature page he failed to include with his objections to the report and recommendation, is granted in that such a signature page is admitted.

**IT IS FURTHER ORDERED** that petitioner's objections to the report and recommendation [Doc. #24] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #20] is hereby accepted and adopted.

Dated this   23rd   day of September, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE